**McELROY, DEUTSCH, MULVANEY**
**& CARPENTER, LLP**
One Hovchild Plaza
4000 Route 66
Tinton Falls, New Jersey 07753
(732) 733-6200
sdelmauro@mdmc-law.com
Attorneys for Defendant,
Jackson National Life Insurance Company

| | |
|---|---|
| **FAYE A. HOELZ, JAMES J. HOELZ,** **Individually and as Co-Trustee of the** **Hoelz Family 2001 Irrevocable Trust and** **DAVID C. HOELZ, Individually** **And as Co-Trustee of the Hoelz Family** **2001 Irrevocable Trust,** | **UNITED STATES DISTRICT COURT** **DISTRICT OF NEW JERSEY** |
| **Plaintiffs,** | **Civil Action No.:** |
| **v.** | |
| **JACKSON NATIONAL LIFE** **INSURANCE COMPANY, VALLEY** **FORGE LIFE INSURANCE** **COMPANY, JOHN DOE,** **INDIVIDUAL/COMPANY/EMPLOYER (1-** **5) AND MANNY MOE(S), A FICTITIOUS** **NAME, INDIVIDUALLY, SEVERALLY** **OR IN THE ALTERNATIVE,** | |
| **Defendants.** | |

## CIVIL ACTION – NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that the undersigned attorneys for defendant, Jackson

National Life Insurance Company ("Jackson National"), petition this Honorable Court for an

Order pursuant to 28 U.S.C. § 1441, *et seq.*, removing to the United States District Court,

District of New Jersey, Camden Vicinage, a matter instituted in the Superior Court of New

Jersey, Law Division, Burlington County, bearing Docket No. BUR-L-002675-17 ("State Court Action").

**PLEASE TAKE FURTHER NOTICE** that a copy of this Removal Petition has been filed with the Superior Court of New Jersey, Law Division, Burlington County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

**PLEASE TAKE FURTHER NOTICE** that, by effecting removal of this civil action, Jackson National reserves all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, Fed.R.Civ.P. 12.

**PLEASE TAKE FURTHER NOTICE** that in support of this Notice of Removal, Jackson National relies upon the following:

1.       On December 13, 2017, counsel for plaintiffs, Faye A. Hoelz ("Faye"), James J. Hoelz, individually and as co-trustee of the Hoelz Family 2001 Irrevocable Trust ("James") and David C. Hoelz, individually and as co-trustee of the Hoelz Family 2001 Irrevocable Trust ("David") (collectively referred to as "Plaintiffs") filed the First Amended Complaint in the Superior Court of New Jersey, Law Division, Burlington County, bearing Docket No. BUR-L-002675-17.   Annexed hereto as Exhibit A is a true and complete copy of the First Amended Complaint and Jury Demand. Prior to the filing of the First Amended Complaint, Plaintiffs' filed the original complaint with the Clerk of the Superior Court of New Jersey on December 12, 2017.   Attached hereto as Exhibit B is a copy of the original complaint, together with the summons, civil case information statement, counsel's correspondence dated December 12, 2017, and Affidavits of Service upon Jackson National.  Following the filing of the original complaint, Plaintiffs filed a Notice of Dismissal as to defendants John Costa, Costa Financial Management, NPA Asset Management, LLC, and Nationwide Planning Associates, Inc., with the Clerk of the

Court on December 13, 2017 (Exhibit C). The documents annexed hereto as Exhibits A through C constitute all process, pleadings and/or orders first received and served upon Jackson National to date within the meaning and intent of 28 U.S.C. § 1446(b).

2.      Jackson National was served with the Complaint on December 15, 2017. Jackson National received the First Amended Complaint on December 19, 2017. Jackson National first had knowledge of the institution of suit and the basis for removal of this civil action when it first received the documents annexed hereto as Exhibits A through C. Removal is, therefore, timely under 28 U.S.C. § 1446(b) in that the filing of the within Petition occurred within thirty (30) days of the service of Summons and Complaint.

3.      At the time of the filing of the Complaint and First Amended Complaint, Faye maintained a primary residence located at 205 7th Street, Riverside, New Jersey 08075. Faye maintains a primary residence and domicile in the State of New Jersey and, therefore, is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

4.      At the time of the filing of the Complaint and First Amended Complaint, David maintained a primary residence located at 205 7th Street, Riverside, New Jersey 08075. David maintains a primary residence and domicile in the State of New Jersey and, therefore, is a citizen of the State of New Jersey within the meaning and intent of 28 U.S.C. § 1332.

5.      At the time of the filing of the Complaint and First Amended Complaint, James maintained a primary residence located at 604 S. Washington Square, Unit 3002, Philadelphia, Pennsylvania 19106. James maintains a primary residence and domicile located in the Commonwealth of Pennsylvania and, therefore, is a citizen of the Commonwealth of Pennsylvania within the meaning and intent of 28 U.S.C. § 1332.

6.     At the time of the filing of the Complaint, the First Amended Complaint and this removal petition, Jackson National is a corporation organized under the laws of the State of Michigan where it maintains its corporate offices and principal place of business located at One Corporate Way, Lansing, Michigan 47851.   Jackson National is a citizen of the State of Michigan within the meaning and intent of 28 U.S.C. § 1332.

7.     Defendant, Valley Forge Life Insurance Company ("Valley Forge") is not a legal entity.  Effective September 30, 2007, Valley Forge changed its name to Reassure America Life Insurance Company ("Reassure America"), and effective December 31, 2012, Jackson National acquired Reassure America and that Reassure America merged into Jackson National.  By virtue of the merger, Jackson National assumed all responsibility for all obligations arising under the policy.

8.     At the time of the filing of the Complaint, First Amended Complaint and this removal petition, there exists complete diversity of citizenship between the plaintiffs and defendant.

9.     The amount in controversy between the parties, exclusive of interest and costs of suit, exceeds $75,000 within the meaning and intent of 28 U.S.C. § 1332.  In particular, the Court's review of the complaint will reveal that at issue is a policy of life insurance purchased by the Plaintiffs providing a death benefit in the amount of $400,000, bearing Policy No. AEMC000004.  Plaintiffs allege that the policy of life insurance lapsed for non-payment of premium due March 14, 2017, and that Plaintiffs were denied reinstatement of the policy. Plaintiffs assert various causes of action including breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), fraud (Count III), negligence (IV), violation of the New Jersey Consumer Fraud Act (Count V), violation of the New Jersey Unfair

Claim Settlement Practices Act (Count VI), bad faith (Count VII), and declaratory judgment (Count VIII). The gravamen of the dispute relates to the Plaintiffs' efforts to obtain reinstatement of the policy of life insurance containing a face amount death benefit of $400,000, and various damage claims are asserted for compensatory damages, treble damages and counsel fees.

10. This Court maintains diversity jurisdiction pursuant to 28 U.S.C. § 1332 and removal is, therefore, appropriate pursuant to 28 U.S.C. § 1441(a) and (b).

11. Venue is proper in this Court under 28 U.S.C. § 1446(a) because the United States District Court for the District of New Jersey includes Burlington County where the State Action is pending.

12. Pursuant to 28 U.S.C. § 1446(d), Jackson National is providing written notice of the removal of this action to Plaintiffs and is filing Notice of the Filing of this Notice of Removal with the Court in the State Action.

WHEREFORE, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. 1446, Jackson National hereby removes this action to this Court.

Dated: January 12, 2018

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
Attorneys for Defendant,
Jackson National Life Insurance Company

By: _____
    Steven P. Del Mauro, Esq.

*3489373*

5

# EXHIBIT A

By:   Kevin M. Siegel, Esquire
NJ Attorney ID:  000051995
*Kevin@KMSLawGroup.com*
**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre – Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 988-5520 PHONE
(856) 504-0140  FAX

Attorney for Plaintiffs

|  |  |
|---|---|
| **FAYE A. HOELZ**<br>          and<br>**JAMES J. HOELZ, Individually and as Co-Trustee of the Hoelz Family 2001 Irrevocable Trust**<br>          and<br>**DAVID C. HOELZ, Individually and as Co-Trustee of the Hoelz Family 2001 Irrevocable Trust**<br><br>                    Plaintiffs,<br><br>vs.<br><br>**JACKSON NATIONAL LIFE INSURANCE COMPANY**<br>          and<br>**VALLEY FORGE LIFE INSURANCE COMPANY**<br>d/b/a Jackson National Life Insurance Company<br>          and<br>**JOHN DOE, INDIVIDUAL/COMPANY/EMPLOYER, (1 – 5)** ,<br>          and<br>**MANNY MOE(S) (1-5), a fictitious name, individually, severally or in the alternative,**<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION<br><br>BURLINGTON COUNTY<br><br><br><br>DOCKET NO.:  BUR-L-002675-17<br><br><br><br>**FIRST AMENDED COMPLAINT &<br>JURY DEMAND** |

Plaintiffs by way of Complaint, state:

## **PARTIES**

1.      Plaintiff Faye A. Hoelz is an adult citizen of the State of New Jersey and resides therein at 205 7th Street, Riverside, New Jersey, 08075.

2.      Plaintiff David C. Hoelz, is an adult citizen of the State of New Jersey and resides therein at 205 7th Street, Riverside, New Jersey, 08075. David C. Hoelz is a Co-Trustee of the Hoelz Family 2001 Irrevocable Trust.

3.      Plaintiff James J. Hoelz, is an adult citizen of the Commonwealth of Pennsylvania and resides therein at 604 S. Washington Square, Unit 3002, Philadelphia, Pennsylvania, 19106. James J. Hoelz is a Co-Trustee of the Hoelz Family 2001 Irrevocable Trust.

4.      Defendant Jackson National Life Insurance Company is a corporation duly organized and existing under the laws of the State of Michigan and maintains its principal place of business at 1 Corporate Way, Lansing, Michigan, 48951.

5.      Defendant Valley Forge Life Insurance Company is a corporation duly organized and existing under the laws of the State of Michigan and maintains its principal place of business at 1 Corporate Way, Lansing, Michigan, 48951. Valley Forge Life Insurance Company was "taken over" by Defendant Jackson National Life Insurance Company.

6.      At all times material hereto, the Defendants acted by and through their duly authorized agents, servants and workmen who were all acting within the course and scope of their employment.

## FACTS

7.      On or about April 12, 2001, an insurance policy was purchased by Plaintiffs and issued by Defendant Valley Forge Life Insurance Company with a policy number of AEMC000004.

8.      The policy purchased was known as a last survivor joint flexible premium adjustable life insurance policy.

9.      The death benefit under the policy was $400,000.00.

10.     The policy insured the lives of James J. Hoelz and Faye A. Hoelz.

11.     The policy was sold to Plaintiffs by John Costa.

12.     John Costa remained the listed and identified producer of the aforementioned insurance policy.

13. The policy was issued by Valley Forge Life Insurance Company which is now known as Jackson National Life Insurance Policy.

14. The policy premium was paid timely each and every year.

15. Because James J. Hoelz, Sr. died, the policy was to issue a $400,000.00 payout upon the death of Faye A. Hoelz.

16. Faye A. Hoelz is in poor health and likely not to live many more years.

17. Based of Faye Hoelz's poor health, it is reasonable to expect that the $400,000.00 policy would be paid out soon.

18. On February 6, 2017, a "grace period letter" was purportedly mailed to "the policy owner" and the producer, John Costa.

19. The letter of February 6, 2017, purportedly advised that a payment of $9,493.72 was due on or before March 14, 2017 or the policy would terminate.

20. Not one of the Plaintiffs received this letter and Jackson National Life Insurance Company has no proof the letter was sent or received.

21. Plaintiffs were told that Defendant John Costa was also sent the letter of February 6, 2017.

22. Approximately, two (2) days prior to Plaintiffs' receipt of a letter dated March 14, 2017 from Jackson National Life Insurance Company advising them that the policy was terminated, Plaintiffs received a "Payment Notice" advising them that a premium in the amount of $10,775.00 was due on April 12, 2017.

23. This "Payment Notice" was the first notification that Plaintiffs received that a premium was due and was received by them only a few days prior to them receiving notification that the policy was terminated.

24. However, prior to April 12, 2017, Plaintiffs received a letter advising them that the policy was terminated.

25.     Defendant Jackson National Life Insurance Company refused to accept a premium payment notwithstanding the fact that their own invoice advised that the due date was April 12, 2017.

26.     On or about March 14, 2017, the Jackson Life Insurance Company terminated the policy.

27.     At no time prior to the policy being terminated were Plaintiffs aware that a premium was due on March 14, 2017.

28.     Upon notification that the policy was terminated, Plaintiffs were advised to file a reinstatement application.

29.     Defendant Jackson National Life Insurance Company denied the application for reinstatement.

30.     Given the life expectancy of Faye Hoelz, her current state of health and the $400,000.00 payout, no reasonable person would have let the policy lapse.

### COUNT I – BREACH OF CONTRACT

#### Plaintiffs v. All Defendants

31.     Plaintiffs incorporate paragraphs 1 through 30 of the Complaint as if fully set forth at length herein.

32.     The insurance policy at issue is a contract.

33.     The Defendants breached the contract by terminating it improperly.

34.     The Defendants breached the contract, among other ways, as follows:

    (a)     Failing to send a premium due invoice in a timely manner;
    (b)     Failing to advise Plaintiffs that the policy was in danger of termination due to non-payment of a premium;
    (c)     Sending a premium due invoice with an incorrect due date;
    (d)     Terminating the policy;
    (e)     Sending invoices that were confusing and misleading; and,
    (f)     Failing to reinstate the policy.

35.     The Defendants failed to fulfill their obligations under the terms of the contract.

36.     As a result of the Defendants' breach of the contract, the Plaintiffs have been damaged and have been denied the benefit of a significant, large insurance policy.

37. The Defendants' breached the contract in the ways as outlined above.

38. As a result of the contract being breached, the Plaintiffs sustained a significant financial loss.

39. Defendants' conduct in dealing with Plaintiffs was not in good faith and was anything other than "fair dealing."

WHEREFORE, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### Plaintiffs v. All Defendants

40. Plaintiffs incorporate paragraphs 1 through 39 of the Complaint as if fully set forth at length herein.

41. The insurance policy at issue is a contract.

42. The Defendants breached the contract by terminating it improperly.

43. The Defendants breached the contract, among other ways, as follows:

    (a)    Failing to send a premium due invoice in a timely manner;

    (b)    Failing to advise Plaintiffs that the policy was in danger of termination due to non-payment of a premium;

    (c)    Sending a premium due invoice with an incorrect due date;

    (d)    Terminating the policy;

    (e)    Sending invoices that were confusing and misleading; and,

    (f)    Failing to reinstate the policy.

44. The Defendants failed to fulfill their obligations under the terms of the contract.

45. As a result of the Defendants' breach of the contract, the Plaintiffs have been damaged and have been denied the benefit of a significant, large insurance policy.

46. The Defendants' breached the contract in the ways as outlined above.

47.     As a result of the contract being breached, the Plaintiffs sustained a significant financial loss.

48.     Defendants' conduct in dealing with Plaintiffs was not in good faith and was anything other than "fair dealing."

49.     The law in New Jersey provides that every contract contains an implied covenant of good faith and fair dealing.

50.     Even though not specifically stated in the contract, it is implied or understood that each party to the contract must act in good faith and deal fairly with the other party in performing or enforcing the terms of the contract.

51.     To act in good faith and deal fairly, a party must act in a way that is honest and faithful to the agreed purposes of the contract and consistent with the reasonable expectations of the parties.

52.     A party must not act in bad faith, dishonestly, or with improper motive to destroy or injure the right of the other party to received the benefits or reasonable expectations of the contract.

53.     Defendants acted with bad motives or intentions or engaged in deception or evasion in the performance of the contract

54.     The Defendants' conduct denied Plaintiffs the bargain initially intended by the parties.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

**COUNT III – FRAUD**

**Plaintiffs v. All Defendants**

55.     Plaintiffs incorporate paragraphs 1 through 54 of the Complaint as if fully set forth at length herein.

56.     The Defendants' misrepresented the policy in order to induce Plaintiffs to purchase the policy.

57.     Defendants' actions were done with the intent to deceive the Plaintiffs.

58.     Plaintiffs justifiably relied upon the Defendants' misrepresentations.

59.     Defendants made a false representation to Plaintiffs wherein they told Plaintiffs the policy would pay for itself.

60.     The policy was intentionally made complicated and complex.

61.     The Defendants knew or believed it to be false.

62.     The Defendants intended to deceive the Plaintiffs.

63.     The Plaintiffs justifiably relied upon the statements and were induced by the statements to purchase the insurance policy.

64.     Plaintiffs have sustained damage as they no longer have the benefit of a $400,000.00 insurance policy.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

**COUNT IV – Negligence**
**Plaintiffs v. All Defendants**

65.     Plaintiffs incorporate paragraphs 1 – 64 above as though fully set forth at length herein.

66.     The Defendants were negligent and careless, both generally, and in the following particular respects:

(a)     Failing to advise Plaintiffs that a premium was due;
(b)     Failing to provide Defendants notification that the policy was being terminated prior to it being terminated;
(c)     Failing to provide simple invoicing so as not to confuse Plaintiffs;

(d)     Failing to provide a proper and correct invoice;

(e)     Failing to call Plaintiffs to advise them that the policy was in danger of being terminated;

(f)     Failing to provide the type of financial management advice that should have been provided;

(g)     Failing to assist Plaintiffs in having the policy reinstated;

(h)     Failing to reinstate the policy;

(i)     Improperly terminating the policy;

(j)     Such other acts of negligence, carelessness and breach of contract as may be revealed during discovery of this matter; and,

(k)     Failing to adhere to applicable standards of care in both the insurance industry and the financial management industry.

67.     As a direct and proximate result of the carelessness and negligence of the Defendants as stated above, the Plaintiffs sustained financial damages and loss, including, but not limited to, being denied the benefits of the insurance policy and having the policy terminated.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

**COUNT V –**
**Plaintiffs v. All Defendants**
**Violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq.***

78.     Plaintiffs incorporate paragraphs 1 – 67 above as though fully set forth at length herein.

79.     Plaintiffs were induced to purchase the insurance policy based upon statements made by John Costa and the Defendant insurance company wherein the Plaintiffs were informed that the policy would pay for itself.

80.     The sales tactics used by the insurance company to induce Plaintiffs to purchase the insurance policy were intentionally confusing, complex, complicated and not easily understood.

81.     The conduct of the Defendants is the very type of sharp practices and dealing that the NJCFA was designed to curb.

82.     Plaintiffs were lured into the purchase of the insurance policy through fraudulent, deceptive and other similar kinds of selling practices on behalf of the Defendants.

83.     The fraudulent conduct of the Defendants induced and lured the Plaintiffs into purchasing the insurance policy.

84.     The insurance policy at issue generated a large profit for the Defendants.

85.     The Defendants failed to provide the service for which they were paid.

86.     The Defendants wanted the policy to be terminated as it served their own financial interests.

87.     The Defendants used an unconscionable commercial practice, deception, fraud, false pretense, false promise and/or misrepresentation in connection with the sale of the insurance policy.

88.     The Defendants conduct was unfair or unjust and materially departed from standards of good faith, honesty in fact and fair dealing with the Plaintiffs.

89.     The Defendants conduct was factual dishonest and there was a lack of fair dealing with the Plaintiffs.

90.     The acts of Defendants constitute an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment of a material fact.

91.     The Defendants intended for the Plaintiffs to rely upon such concealment, suppression or omission.

92.     The Plaintiffs relied upon such concealment, suppression or omission to their detriment and loss.

93.     The Plaintiffs suffered an ascertainable loss of money and/or property as a result of the use and employment of Defendants actions and omissions.

94.     The Defendants conduct was in violation of the NJCFA.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, treble damages,

exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees and any other relief so allowed for under the NJCFA.

## COUNT VI

**Plaintiffs v. All Defendants**
**Violation of the New Jersey Unfair Claim Settlement Practices Act ("NJUCSP"),**
**N.J.S.A. 17B:30-13.1, *et seq.***

95. Plaintiffs incorporate paragraphs 1 – 94 above as though fully set forth at length herein.

96. The acts of Defendants as described above constitute a violation under the New Jersey Unfair Claim Settlement Practices Act.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, treble damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees and any other relief so allowed for under the NJUCSPA.

## COUNT VII

**Plaintiffs v. All Defendants**
**Bad Faith**

97. Plaintiffs incorporate paragraphs 1 – 96 above as though fully set forth at length herein.

98. The acts of Defendants as described above constitute bad faith.

99. Defendants wrongfully terminated the insurance policy.

100. The reasons for the termination are not fairly debatable.

101. The economic losses are clearly within the contemplation of the insurance company.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, treble damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees and any other relief as the court deems appropriate and just.

### COUNT VIII – DECLARATORY RELIEF

103.    Plaintiff incorporates paragraphs 1 through 101 as if fully set forth at length herein.

104.    Plaintiffs meet the eligibility requirements for benefits under the Policy.

105.    Defendants wrongfully terminated the policy.

106.    Plaintiffs have performed all the conditions of the policy.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully asks this Honorable Court:

1.    Declare Jackson National Life Insurance Company's termination of the insurance policy improper;

2.    Declare Jackson National Life Insurance Company's termination of the policy violated the policy;

3.    Order Jackson National Life Insurance Company to reinstate the policy; and,

4.    Award Plaintiffs the costs of litigation, including attorney's fees, and such other relief as this Court may deem just and equitable.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date:  December 13, 2017          By:      _/s/ Kevin M. Siegel_
                                            KEVIN M. SIEGEL, ESQUIRE
                                            Attorney for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiffs, hereby demand a trial by jury on all issues involved herein.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 13, 2017        By:        */s/ Kevin M. Siegel*
                                            KEVIN M. SIEGEL, ESQUIRE
                                            Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.R:25-4, Kevin M. Siegel Esquire, is hereby designated as trial counsel for plaintiffs.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 13, 2017        By:        */s/ Kevin M. Siegel*
                                            KEVIN M. SIEGEL, ESQUIRE
                                            Attorney for Plaintiffs

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made upon Defendant for fully responsive answers to Form C Interrogatories

appearing in Appendix II to the Rules of Court.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 13, 2017        By:        */s/ Kevin M. Siegel*
                                            KEVIN M. SIEGEL, ESQUIRE
                                            Attorney for Plaintiffs

**CERTIFICATION PURSUANT TO RULE 4:5-1**

Pursuant to Rule 4:5-1, the undersigned hereby certifies on behalf of plaintiff in this action that the matter in controversy is not the subject of any other action pending in any other court or pending arbitration proceeding to the best of this party's knowledge or belief, nor is any such other action or arbitration proceeding contemplated. Further, other than the parties set forth in the pleading, this party is aware of no other person or entity that should be joined in this above action at this time. In addition it is recognized that it is the continuing obligation of each party to file and serve upon all parties and the Court an Amended Certification if there is a change in the facts as stated in this original Certification.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 13, 2017    By:    */s/ Kevin M. Siegel*
                                KEVIN M. SIEGEL, ESQUIRE
                                Attorney for Plaintiffs

## CERTIFICATION OF MAILING

I hereby certify that the enclosed First Amended Complaint, has been has been electronically filed with the Court in Burlington County on the below referenced date and, further, a copy of the First Amended Complaint has been forwarded via first class mail to all counsel and parties noticed herein on the below referenced date.

Valley Forge Life Insurance Company
c/o Jackson National Life Insurance Company
1 Corporate Way
Lansing, MI 48951

Jackson National Life Insurance Company
1 Corporate Way
Lansing, MI 48951

I certify that the foregoing statements made by me are true. I understand that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date:  December 13, 2017          By:          _/s/ Kevin M. Siegel_
                                               KEVIN M. SIEGEL, ESQUIRE
                                               Attorney for Plaintiffs

# EXHIBIT B

By:  Kevin M. Siegel, Esquire
NJ Attorney ID:  000051995
*Kevin@KMSLawGroup.com*
**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre – Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 988-5520 PHONE
(856) 504-0140 FAX

Attorney for Plaintiffs

| | |
|---|---|
| **FAYE A. HOELZ**<br>205 7th Street<br>Riverside, NJ 08075,<br>and<br>**JAMES J. HOELZ, Individually and as Co-Trustee of the Hoelz Family 2001 Irrevocable Trust**<br>604 S. Washington Square<br>Unit 3002<br>Philadelphia, PA  19106<br>and<br>**DAVID C. HOELZ, Individually and as Co-Trustee of the Hoelz Family 2001 Irrevocable Trust**<br>604 S. Washington Square<br>Unit 3002<br>Philadelphia, PA  19106<br>Plaintiffs,<br><br>vs.<br><br>**JOHN S. COSTA**<br>10 Cortland Shire Drive<br>Suite 360<br>Moorestown, NJ 08057<br>and<br>**COSTA FINANCIAL MANAGEMENT**<br>10 Cortland Shire Drive<br>Suite 360<br>Moorestown, NJ 08057<br>and<br>**JACKSON NATIONAL LIFE INSURANCE COMPANY**<br>1 Corporate Way<br>Lansing, MI 48951<br>and | SUPERIOR COURT OF NEW JERSEY<br><br>LAW DIVISION<br><br>BURLINGTON COUNTY<br><br><br><br><br><br>DOCKET NO.:  BUR-L- |

**VALLEY FORGE LIFE**              :
**INSURANCE COMPANY**              :
d/b/a Jackson National Life Insurance Company   :
1 Corporate Way                    :
Lansing, MI 48951                  :
    and                    :
**NPA ASSET MANAGEMENT, LLC**      :
115 West Century Road - Suite 360  :
Paramus, NJ 07652                  :
    and                    :
**NATIONWIDE PLANNING ASSOCIATES,**   :
**INC.**                           :
120 Grand Avenue                   :
Park Ridge, NJ 07656               :
    and                    :
**JOHN DOE,**                      :
**INDIVIDUAL/COMPANY/EMPLOYER,**   :   **COMPLAINT & JURY DEMAND**
**(1 – 5) ,**                      :
    and                    :
**MANNY MOE(S) (1-5), a fictitious name,**   :
**individually, severally or in the alternative,**   :
                                   :
          Defendants.   :
                                   :
                                   :

Plaintiffs by way of Complaint, state:

## PARTIES

1.    Plaintiff Faye A. Hoelz is an adult citizen of the State of New Jersey and resides therein at 205 7th Street, Riverside, New Jersey, 08075.

2.    Plaintiff David C. Hoelz, is an adult citizen of the State of New Jersey and resides therein at 205 7th Street, Riverside, New Jersey, 08075. David C. Hoelz is a Co-Trustee of the Hoelz Family 2001 Irrevocable Trust.

3.    Plaintiff James J. Hoelz, is an adult citizen of the Commonwealth of Pennsylvania and resides therein at 604 S. Washington Square, Unit 3002, Philadelphia, Pennsylvania, 19106. James J. Hoelz is a Co-Trustee of the Hoelz Family 2001 Irrevocable Trust.

4.    Defendant John C. Costa is an adult individual and resident of the State of New Jersey and resides at 10 Cortland Shire Drive, Moorestown, New Jersey, 08057.

5.      At all times material hereto, Defendant John Costa held himself out as a financial advisor.

6.      Defendant Jackson National Life Insurance Company is a corporation duly organized and existing under the laws of the State of Michigan and maintains its principal place of business at 1 Corporate Way, Lansing, Michigan, 48951.

7.      Defendant Valley Forge Life Insurance Company is a corporation duly organized and existing under the laws of the State of Michigan and maintains its principal place of business at 1 Corporate Way, Lansing, Michigan, 48951. Valley Forge Life Insurance Company was "taken over" by Defendant Jackson National Life Insurance Company.

8.      Defendant NPA Asset Management, LLC is a corporation duly organized and existing under the laws of the State of New Jersey and maintains a place of business at 115 West Century Road – Suite 360, Paramus, New Jersey, 07652.

9.      Defendant Nationwide Planning Associates, Inc. is a corporation duly organized and existing under the laws of the State of New Jersey and maintains a place of business at 120 Grand Avenue, Park Ridge, New Jersey, 07656.

10.      At all times material hereto, Defendant John Costa was acting within the course and scope of his employment with Defendant NPA Asset Management and /or Nationwide Planning Associates, Inc. and/or Costa Financial Management and/or Jackson National Life Insurance Company and/or Valley Forge Life Insurance Company.

11.      Defendant Costa Financial Management is a corporation duly organized and existing under the laws of the State of New Jersey and maintains a place of business at 10 Cortland Shire Drive, Suite 360, Moorestown, New Jersey, 08057.

12.      At all times material hereto, Defendant John Costa was acting as a servant, workman, agent, ostensible agent and/or employee of NPA Asset Management and /or Nationwide Planning Associates, Inc. and/or Costa Financial Management and/or Jackson National Life Insurance Company and/or Valley Forge Life Insurance Company.

**FACTS**

13.    On or about April 12, 2001, an insurance policy was purchased by Plaintiffs and issued by Defendant Valley Forge Life Insurance Company with a policy number of AEMC000004.

14.    The policy purchased was known as a last survivor joint flexible premium adjustable life insurance policy.

15.    The death benefit under the policy was $400,000.00.

16.    The policy insured the lives of James J. Hoelz and Faye A. Hoelz.

17.    The policy was sold to Plaintiffs by John Costa.

18.    John Costa remained the listed and identified producer of the aforementioned insurance policy.

19.    John Costa is/was an employee, agent, servant and/or workman of Valley Forge Life Insurance Company, Jackson National Life Insurance Company, Costa Financial Management, NPA Asset Management, LLC and/or Nationwide Planning Associates.

20.    The policy was issued by Valley Forge Life Insurance Company which is now known as Jackson National Life Insurance Policy.

21.    The policy premium was paid timely each and every year.

22.    Because James J. Hoelz, Sr. died, the policy was to issue a $400,000.00 payout upon the death of Faye A. Hoelz.

23.    Faye A. Hoelz is in poor health and likely not to live many more years.

24.    Based of Faye Hoelz's poor health it is reasonable to expect that the $400,000.00 policy would be paid out soon.

25.    On February 6, 2017, a "grace period letter" was purportedly mailed to "the policy owner" and the producer, John Costa.

26.    The letter of February 6, 2017, purportedly advised that a payment of $9,493.72 was due on or before March 14, 2017 or the policy would terminate.

27.     Not one of the Plaintiffs received this letter and Jackson National Life Insurance Company has no proof the letter was sent or received.

28.     Plaintiffs were told that Defendant John Costa was also sent the letter of February 6, 2017.

29.     Approximately, two (2) days prior to Plaintiffs' receipt of a letter dated March 14, 2017 from Jackson National Life Insurance Company advising them that the policy was terminated, Plaintiffs received a "Payment Notice" advising them that a premium in the amount of $10,775.00 was due on April 12, 2017.

30.     This "Payment Notice" was the first notification that Plaintiffs received that a premium was due and was received by them only a few days prior to them receiving notification that the policy was terminated.

31.     However, prior to April 12, 2017, Plaintiffs received a letter advising them that the policy was terminated.

32.     Defendant Jackson National Life Insurance Company refused to accept a premium payment notwithstanding the fact that their own invoice advised that the due date was April 12, 2017.

33.     On or about March 14, 2017, the Jackson Life Insurance Company terminated the policy.

34.     At no time prior to the policy being terminated were Plaintiffs aware that a premium was due on March 14, 2017.

35.     Upon notification that the policy was terminated, Plaintiffs were advised to file a reinstatement application.

36.     Defendant Jackson National Life Insurance Company denied the application for reinstatement.

37.     John Costa had a conversation with Faye Hoelz in late March, 2017 wherein he told Faye Hoelz that he spoke with James Hoelz about the premium payment and that James Hoelz gave him the impression that he was going to let the policy lapse.

38.     At no point in time did James Hoelz ever have a conversation with John Costa wherein he advised John Costa that they were going to let the policy lapse. In fact, James Hoelz never had any communications with John Costa in the first 4 months of the Year 2017.

39.     John Costa's statement that the family wanted the policy to lapse is a total and complete fabrication.

40.     Given the life expectancy of Faye Hoelz and the $400,000.00 payout, no reasonable person would have let the policy lapse.

## COUNT I – BREACH OF CONTRACT

### Plaintiffs v. All Defendants

41.     Plaintiffs incorporate paragraphs 1 through 40 of the Complaint as if fully set forth at length herein.

42.     The insurance policy at issue is a contract.

43.     The Defendants breached the contract by terminating it improperly.

44.     The Defendants breached the contract, among other ways, as follows:

    (a)     Failing to send a premium due invoice in a timely manner;

    (b)     Failing to advise Plaintiffs that the policy was in danger of termination due to non-payment of a premium;

    (c)     Sending a premium due invoice with an incorrect due date;

    (d)     Sending invoices that were confusing and misleading; and,

    (e)     Failing to reinstate the policy.

45.     The Defendants failed to fulfill their obligations under the terms of the contract.

46.     As a result of the Defendants' breach of the contract, the Plaintiffs have been damaged and have been denied the benefit of a significant, large insurance policy.

47.     The Defendants' breached the contract in the ways as outlined above.

48.     As a result of the contract being breached, the Plaintiffs sustained a significant financial loss.

49. Defendants' conduct in dealing with Plaintiffs was not in good faith and was anything other than "fair dealing."

WHEREFORE, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

## COUNT II – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### Plaintiffs v. All Defendants

50. Plaintiffs incorporate paragraphs 1 through 49 of the Complaint as if fully set forth at length herein.

51. The insurance policy at issue is a contract.

52. The Defendants breached the contract by terminating it improperly.

53. The Defendants breached the contract, among other ways, as follows:

    (a)    Failing to send a premium due invoice in a timely manner;

    (b)    Failing to advise Plaintiffs that the policy was in danger of termination due to non-payment of a premium;

    (c)    Sending a premium due invoice with an incorrect due date;

    (d)    Sending invoices that were confusing and misleading; and,

    (e)    Failing to reinstate the policy.

    (f)

54. The Defendants failed to fulfill their obligations under the terms of the contract.

55. As a result of the Defendants' breach of the contract, the Plaintiffs have been damaged and have been denied the benefit of a significant, large insurance policy.

56. The Defendants' breached the contract in the ways as outlined above.

57. As a result of the contract being breached, the Plaintiffs sustained a significant financial loss.

58. Defendants' conduct in dealing with Plaintiffs was not in good faith and was anything other than "fair dealing."

59. The law in New Jersey provides that every contract contains an implied covenant of good faith and fair dealing.

60. Even though not specifically stated in the contract, it is implied or understood that each party to the contract must act in good faith and deal fairly with the other party in performing or enforcing the terms of the contract.

61. To act in good faith and deal fairly, a party must act in a way that is honest and faithful to the agreed purposes of the contract and consistent with the reasonable expectations of the parties.

62. A party must not act in bad faith, dishonestly, or with improper motive to destroy or injure the right of the other party to received the benefits or reasonable expectations of the contract.

63. Defendants acted with bad motives or intentions or engaged in deception or evasion in the performance of the contract

64. The Defendants' conduct denied Plaintiffs the bargain initially intended by the parties.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

## COUNT III – FRAUD

### Plaintiffs v. All Defendants

65. Plaintiffs incorporate paragraphs 1 through 64 of the Complaint as if fully set forth at length herein.

66. The Defendants' misrepresented the policy in order to induce Plaintiffs to purchase the policy.

67. Defendants' actions were done with the intent to deceive the Plaintiffs.

68.     Plaintiffs justifiably relied upon the Defendants' misrepresentations.

69.     Defendants made a false representation to Plaintiffs wherein they told Plaintiffs the policy would pay for itself.

70.     The policy was intentionally made complicated and complex.

71.     The Defendants knew or believed it to be false.

72.     The Defendants intended to deceive the Plaintiffs.

73.     The Plaintiffs justifiably relied upon the statements and were induced by the statements to purchase the insurance policy.

74.     Plaintiffs have sustained damage as they no longer have the benefit of a $400,000.00 insurance policy.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

### COUNT IV – Negligence
### Plaintiffs v. All Defendants

75.     Plaintiffs incorporate paragraphs 1 – 74 above as though fully set forth at length herein.

76.     The Defendants were negligent and careless, both generally, and in the following particular respects:

    (a)     Failing to advise Plaintiffs that a premium was due;

    (b)     Failing to provide Defendants notification that the policy was being terminated prior to it being terminated;

    (c)     Failing to provide simple invoicing so as not to confuse Plaintiffs;

    (d)     Failing to provide a proper and correct invoice;

    (e)     Failing to call Plaintiffs to advise them that the policy was in danger of being terminated;

    (f)     Failing to provide the type of financial management advice that should have been provided;

    (g)    Failing to assist Plaintiffs in having the policy reinstated;

    (h)    Failing to reinstate the policy;

    (i)    Improperly terminating the policy;

    (j)    Such other acts of negligence, carelessness and breach of contract as may be revealed during discovery of this matter; and,

    (k)    Failing to adhere to applicable standards of care in both the insurance industry and the financial management industry.

77.    As a direct and proximate result of the carelessness and negligence of the Defendants as stated above, the Plaintiffs sustained financial damages and loss, including, but not limited to, being denied the benefits of the insurance policy and having the policy terminated.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees.

**COUNT V –**
**Plaintiffs v. All Defendants**
**Violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1, *et seq.***

78.    Plaintiffs incorporate paragraphs 1 – 77 above as though fully set forth at length herein.

79.    Plaintiffs were induced to purchase the insurance policy based upon statements made by John Costa and the insurance company wherein they were informed that the policy would pay for itself.

80.    The sales tactics used by the insurance company and John Costa to induce Plaintiffs to purchase the insurance policy were intentionally confusing, complex, complicated and not easily understood.

81.    The conduct of the Defendants is the very type of sharp practices and dealing that the NJCFA was designed to curb.

82.    Plaintiffs were lured into the purchase of the insurance policy through fraudulent, deceptive and other similar kinds of selling practices on behalf of the Defendants.

83.     The fraudulent conduct of the Defendants induced and lured the Plaintiffs into purchasing the insurance policy.

84.     The insurance policy at issue generated a large commission for John Costa.

85.     The Defendants failed to provide the service for which they were paid.

86.     The Defendants wanted the policy to be terminated as it served their own financial interests.

87.     Defendant John Costa felt slighted because James Hoelz invested significant money with a competing financial manager.

88.     The Defendants used an unconscionable commercial practice, deception, fraud, false pretense, false promise and/or misrepresentation in connection with the sale of the insurance policy.

89.     The Defendants conduct was unfair or unjust and materially departed from standards of good faith, honesty in fact and fair dealing with the Plaintiffs.

90.     The Defendants conduct was factual dishonest and there was a lack of fair dealing with the Plaintiffs.

91.     The acts of Defendants constitute an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment of a material fact.

92.     The Defendants intended for the Plaintiffs to rely upon such concealment, suppression or omission.

93.     The Plaintiffs relied upon such concealment, suppression or omission to their detriment and loss.

94.     The Plaintiffs suffered an ascertainable loss of money and/or property as a result of the use and employment of Defendants actions and omissions.

95.     The Defendants conduct was in violation of the NJCFA.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, treble damages,

exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees and any other relief so allowed for under the NJCFA.

## COUNT VI

### Plaintiffs v. All Defendants
### Violation of the New Jersey Unfair Claim Settlement Practices Act ("NJUCSP"), N.J.S.A. 17B:30-13.1, *et seq.*

96. Plaintiffs incorporate paragraphs 1 – 95 above as though fully set forth at length herein.

97. The acts of Defendants as described above constitute a violation under the New Jersey Unfair Claim Settlement Practices Act.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, treble damages, exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees and any other relief so allowed for under the NJUCSPA.

## COUNT VII

### Plaintiffs v. All Defendants
### Bad Faith

98. Plaintiffs incorporate paragraphs 1 – 97 above as though fully set forth at length herein.

99. The acts of Defendants as described above constitute bad faith.

100. Defendants wrongfully terminated the insurance policy.

101. The reasons for the termination are not fairly debatable.

102. The economic losses are clearly within the contemplation of the insurance company.

**WHEREFORE**, the Plaintiffs respectfully demand judgment against defendants, individually and/or jointly and severally with all defendants named herein, for a sum in excess of the local arbitration limits and in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, treble damages,

exclusive of pre-judgment interest, post-judgment interest, costs and attorney's fees and any other relief as the court deems appropriate and just.

### COUNT VIII – DECLARATORY RELIEF

103.   Plaintiff incorporates paragraphs 1 through 102 as if fully set forth at length herein.

104.   Plaintiffs meet the eligibility requirements for benefits under the Policy.

105.   Defendants wrongfully terminated the policy.

106.   Plaintiffs have performed all the conditions of the policy.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully asks this Honorable Court:

1.   Declare Jackson National Life Insurance Company's termination of the insurance policy improper;

2.   Declare Jackson National Life Insurance Company's termination of the policy violated the policy;

3.   Order Jackson National Life Insurance Company to reinstate the policy; and,

4.   Award Plaintiffs the costs of litigation, including attorney's fees, and such other relief as this Court may deem just and equitable.

**THE LAW OFFICES OF KEVIN M. SIEGEL**

Date:  December 12, 2017          By:      _/s/ Kevin M. Siegel_
                                           KEVIN M. SIEGEL, ESQUIRE
                                           Attorney for Plaintiffs

## DEMAND FOR TRIAL BY JURY

Plaintiffs, hereby demand a trial by jury on all issues involved herein.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 12, 2017          By:      _/s/ Kevin M. Siegel_
                                          KEVIN M. SIEGEL, ESQUIRE
                                          Attorney for Plaintiffs

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.R:25-4, Kevin M. Siegel Esquire, is hereby designated as trial counsel for plaintiffs.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 12, 2017          By:      _/s/ Kevin M. Siegel_
                                          KEVIN M. SIEGEL, ESQUIRE
                                          Attorney for Plaintiffs

## DEMAND FOR ANSWERS TO INTERROGATORIES

Demand is hereby made upon Defendant for fully responsive answers to Form C Interrogatories appearing in Appendix II to the Rules of Court.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 12, 2017          By:      _/s/ Kevin M. Siegel_
                                          KEVIN M. SIEGEL, ESQUIRE
                                          Attorney for Plaintiffs

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned hereby certifies on behalf of plaintiff in this action that the matter in controversy is not the subject of any other action pending in any other court or pending arbitration proceeding to the best of this party's knowledge or belief, nor is any such other action or arbitration proceeding contemplated. Further, other than the parties set forth in the pleading, this party is aware of no other person or entity that should be joined in this above action at this time. In addition it is recognized that it is the continuing obligation of each party to file and serve upon all parties and the Court an Amended Certification if there is a change in the facts as stated in this original Certification.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date: December 12, 2017          By:      _/s/ Kevin M. Siegel_____
                                          KEVIN M. SIEGEL, ESQUIRE
                                          Attorney for Plaintiffs

LAW OFFICES OF

# KEVIN M. SIEGEL

One Greentree Centre, 10,000 Lincoln Drive East, Suite 201, Marlton, NJ 08053

Jackson National Life Insurance Company
1 Corporate Way
Lansing, MI 48951

## SUMMONS

Attorney(s) <u>Kevin M. Siegel, Esquire</u>

Office Address <u>10,000 Lincoln Drive East - Suite 201</u>

Town, State, Zip Code <u>Marlton, NJ 08053</u>

Telephone Number <u>(856) 988-5520</u>

Attorney(s) for Plaintiff <u>Faye A. Hoelz, et al.</u>

Faye A. Hoelz, James J. Hoelz and

David C. Hoelz

     Plaintiff(s)

  vs.

John S. Costa, et al.

     Defendant(s)

## Superior Court of New Jersey

Burlington <u>   </u> County

LAW <u>   </u> Division

Docket No: <u>BUR-L-002675-17</u>

## CIVIL ACTION
## SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

    The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

    If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov/forms/10153_deptyclerklawref.pdf.

                                  /s/ *Michelle M. Smith*

                                   Clerk of the Superior Court

DATED: <u>12/12/2017</u>

Name of Defendant to Be Served: <u>Jackson National Life Insurance Company</u>

Address of Defendant to Be Served: <u>1 Corporate Way, Lansing, MI 48951</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-002675-17**

**Case Caption:** HOELZ FAYE  VS COSTA JOHN

**Case Initiation Date:** 12/12/2017

**Attorney Name:** KEVIN M SIEGEL

**Firm Name:** KEVIN M SIEGEL

**Address:** 10000 LINCOLN DRIVE EAST SUITE 201

MARLTON NJ 08053

**Phone:**

**Name of Party:** PLAINTIFF : Hoelz, Faye, A

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  YES

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business   Financial Manager/Insurance Company

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

12/12/2017
Dated

/s/ KEVIN M SIEGEL
Signed

LAW OFFICES OF

# KEVIN M. SIEGEL

ADMITTED IN PENNSYLVANIA & NEW JERSEY

PHONE  856.988.5520
FAX      856.504.0140
E-MAIL  Kevin@KMSLawGroup.com
www.KMSLawGroup.com

One Greentree Centre
10000 Lincoln Drive East
Suite 201
Marlton, NJ 08053

**PENNSYLVANIA OFFICE**
JACKSON NAT'L LIFE LEGA1420 Locust Street
Suite 200
DEC 15 201 Philadelphia, PA 19102
PHONE 215.421.7773

December 12, 2017

**VIA CERTIFIED MAIL – RETURN RECEIPT REQUESTED and FIRST CLASS MAIL**

Jackson National Life Insurance Company
1 Corporate Way
Lansing, MI 48951

Re:     **Faye A. Hoelz, et al. v. Jackson National Life Insurance Company, et al.**
          **Superior Court of New Jersey – Law Division – Burlington County – Docket No.:  BUR-L-002675-17**

Dear Sir/Madam:

Pursuant to New Jersey Court Rule 4:4-4(b)(1)(C), enclosed for service upon you is a time-stamped Complaint and Summons along with the Case Information Sheet which has been filed against you in the above matter.

Very truly yours,

KEVIN M. SIEGEL

By:   Kevin M. Siegel, Esquire
NJ Attorney ID:  000051995
*Kevin@KMSLawGroup.com*
**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre – Suite 201                    Attorney for Plaintiffs
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 988-5520 PHONE
(856) 504-0140  FAX

---

| | |
|---|---|
| **FAYE A. HOELZ** | : SUPERIOR COURT OF NEW JERSEY |
| and | : |
| **JAMES J. HOELZ, Individually and as Co-** | : LAW DIVISION |
| **Trustee of the Hoelz Family 2001 Irrevocable** | : |
| **Trust** | : BURLINGTON COUNTY |
| and | : |
| **DAVID C. HOELZ, Individually and as Co-** | : |
| **Trustee of the Hoelz Family 2001 Irrevocable** | : |
| **Trust** | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| **JACKSON NATIONAL LIFE** | : |
| **INSURANCE COMPANY** | : DOCKET NO.: BUR-L-002675-17 |
| and | : |
| **VALLEY FORGE LIFE** | : |
| **INSURANCE COMPANY** | : |
| d/b/a Jackson National Life Insurance Company | : |
| and | : |
| **JOHN DOE,** | : |
| **INDIVIDUAL/COMPANY/EMPLOYER,** | : |
| **(1 – 5) ,** | : |
| and | : **AFFIDAVIT OF SERVICE UPON** |
| **MANNY MOE(S) (1-5), a fictitious name,** | : **JACKSON NATIONAL LIFE** |
| **individually, severally or in the alternative,** | : **INSURANCE COMPANY** |
| | : |
| Defendants. | : |
| | : |

---

I, Kevin M. Siegel, Esquire, declare under penalty of perjury that the following is true and correct:

1. Upon information and belief, Defendant Jackson National Life Insurance Company does not maintain its corporate headquarters in the State of New Jersey.  The corporate headquarters are located in Michigan;

2. Personal service cannot be effectuated in the State of New Jersey as there is no registered office in the State of New Jersey, nor, any person authorized to accept service in the State of New Jersey;

3. I have personally conducted a business name search online via the State of New Jersey, Division of Revenue and Enterprise Services and the results showed no results for Jackson National Life Insurance Company;

4. Service upon Defendant Jackson National Life Insurance Company was effectuated by mailing a copy of the Summons, Complaint, and Civil Case Information Statement via First class mail and Certified Mail - return receipt requested;

5. Both packages were sent to Defendant Jackson National Life Insurance Company 1 Corporate Way, Lansing, Michigan, 48951;

6. The package sent via first class mail is presumed to have been delivered and received by Defendant Jackson National Life Insurance Company as it has not been returned;

7. The package sent via certified mail, return receipt requested was delivered and a copy of the signed return receipt card is attached as Exhibit "A.";

Date:

KEVIN M. SIEGEL, ESQUIRE

Sworn to and subscribed before me
this _19_ day of _December_, 2017.
Notary Public

My Commission Expires

Rita D. Bohus
Notary Public Of New Jersey
My Commission Expires September 8, 2019

# EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jackson National Life Ins. Co
1 Corporate Way
Lansing, MI 48951

9590 9402 3420 7227 2797 75

7017 2400 0000 0052 9302

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
C. Kilott                       12-15-17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

By:   Kevin M. Siegel, Esquire
NJ Attorney ID:  000051995
*Kevin@KMSLawGroup.com*
**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre – Suite 201                    Attorney for Plaintiffs
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 988-5520 PHONE
(856) 504-0140  FAX

---

| | |
|---|---|
| **FAYE A. HOELZ** | : SUPERIOR COURT OF NEW JERSEY |
| and | : |
| **JAMES J. HOELZ, Individually and as Co-** | : LAW DIVISION |
| **Trustee of the Hoelz Family 2001 Irrevocable** | : |
| **Trust** | : BURLINGTON COUNTY |
| and | : |
| **DAVID C. HOELZ, Individually and as Co-** | : |
| **Trustee of the Hoelz Family 2001 Irrevocable** | : |
| **Trust** | : |
| Plaintiffs, | : |
| | : |
| vs. | : |
| | : |
| **JACKSON NATIONAL LIFE** | : |
| **INSURANCE COMPANY** | : DOCKET NO.:  BUR-L-002675-17 |
| and | : |
| **VALLEY FORGE LIFE** | : |
| **INSURANCE COMPANY** | : |
| d/b/a Jackson National Life Insurance Company | : |
| and | : |
| **JOHN DOE,** | : |
| **INDIVIDUAL/COMPANY/EMPLOYER,** | : |
| **(1 – 5) ,** | : |
| and | : **AFFIDAVIT OF SERVICE UPON** |
| **MANNY MOE(S) (1-5), a fictitious name,** | : **VALLEY FORGE LIFE INSURANCE** |
| **individually, severally or in the alternative,** | : **COMPANY** |
| | : |
| Defendants. | : |
| | : |

I, Kevin M. Siegel, Esquire, declare under penalty of perjury that the following is true and correct:

1.  Upon information and belief, Defendant Valley Forge Life Insurance Company does not maintain its corporate headquarters in the State of New Jersey.  The corporate headquarters are located in Michigan;

2. Personal service cannot be effectuated in the State of New Jersey as there is no registered office in the State of New Jersey, nor, any person authorized to accept service in the State of New Jersey;

3. I have personally conducted a business name search online via the State of New Jersey, Division of Revenue and Enterprise Services and the results showed no results for Valley Forge Life Insurance Company;

4. Service upon Defendant Valley Forge Life Insurance Company was effectuated by mailing a copy of the Summons, Complaint, and Civil Case Information Statement via First class mail and Certified Mail - return receipt requested;

5. Both packages were sent to Defendant Valley Forge Life Insurance Company, 1 Corporate Way, Lansing, Michigan, 48951;

6. The package sent via first class mail is presumed to have been delivered and received by Defendant Valley Forge Life Insurance Company as it has not been returned;

7. The package sent via certified mail, return receipt requested was delivered and a copy of the signed return receipt card is attached as Exhibit "A.";

Date:

KEVIN M. SIEGEL, ESQUIRE

Sworn to and subscribed before me
this ___19th___ day of __December__ 2017.
Notary Public

My Commission Expires

Rita D. Bohus
Notary Public Of New Jersey
My Commission Expires September 8, 2019

# EXHIBIT "A"

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Valley Forge Life Ins. Co.
1 Corporate Way
Lansing, MI 48951

9590 9402 3420 7227 2797 68

**2. Article Number** (Transfer from service label)

7017 2400 0000 0052 9319

**COMPLETE THIS SECTION ON DELIVERY**

**A. Signature**
X MELISSA COTE JACKSON
☐ Agent
☐ Addressee

**B. Received by** (Printed Name)
DEC 15 201

**C. Date of Delivery**

**D.** Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

USPS TRACKING#

9590 9402 3420 7227 2797 68

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

Sender: Please print your name, address, and ZIP+4® in this box•

**THE LAW OFFICES OF KEVIN M. SIEGEL**

One Greentree Centre
10000 Lincoln Drive East – Suite 201
Marlton, NJ 08053

3-310551

# EXHIBIT C

By: Kevin M. Siegel, Esquire
NJ Attorney ID: 000051995
*Kevin@KMSLawGroup.com*
**THE LAW OFFICES OF KEVIN M. SIEGEL**
One Greentree Centre – Suite 201
10,000 Lincoln Drive East
Marlton, NJ 08053
(856) 988-5520 PHONE
(856) 504-0140 FAX

Attorney for Plaintiffs

|  |  |
|---|---|
| **FAYE A. HOELZ** <br> and <br> **JAMES J. HOELZ, Individually and as Co-Trustee of the Hoelz Family 2001 Irrevocable Trust** <br> and <br> **DAVID C. HOELZ, Individually and as Co-Trustee of the Hoelz Family 2001 Irrevocable Trust** <br><br> Plaintiffs, <br><br> vs. <br><br> **JACKSON NATIONAL LIFE INSURANCE COMPANY** <br> and <br> **VALLEY FORGE LIFE INSURANCE COMPANY** <br> d/b/a Jackson National Life Insurance Company <br> and <br> **JOHN DOE, INDIVIDUAL/COMPANY/EMPLOYER, (1 – 5)** , <br> and <br> **MANNY MOE(S) (1-5), a fictitious name, individually, severally or in the alternative,** <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br><br> LAW DIVISION <br><br> BURLINGTON COUNTY <br><br><br><br> DOCKET NO.: BUR-L-002675-17 <br><br> **NOTICE OF DISMISSAL (Partial) AS TO DEFENDANTS:** <br> **(1) JOHN S. COSTA,** <br> **(2) COSTA FINANCIAL MANAGEMENT,** <br> **(3) NPA ASSET MANAGEMENT, LLC; AND,** <br> **(4) NATIONWIDE PLANNING ASSOCIATES, INC.** <br> **ONLY AND WITHOUT PREJUDICE. CASE WILL CONTINUE AS TO THE REMAINING DEFENDANTS.** |

Please take note that pursuant to New Jersey Court Rule 4:37-1, all claims as to Defendants John S. Costa, Costa Financial Management, NPA Asset Management, LLC and Nationwide Planning Associates, Inc. only are **dismissed without prejudice.**

<u>The case will continue as to Defendant Jackson National Life Insurance Company and</u>

<u>Defendant Valley Forge Life Insurance Company.</u>

This Notice of Dismissal is being filed before service by the adverse party of an answer.

THE LAW OFFICES OF KEVIN M. SIEGEL

Date:  December 13, 2017              By:      */s/ Kevin M. Siegel*
                                                    KEVIN M. SIEGEL, ESQUIRE
                                                    Attorney for Plaintiffs